UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA ANNE DAILY,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>          Defendant. | NO. 4:18-CV-5140-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant State of Washington's Motion to Dismiss (ECF No. 8). This matter was heard without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

## BACKGROUND

On August 23, 2018, Plaintiff Cynthia Anne Daily, proceeding *pro se*, filed a Complaint in this Court, alleging that Defendant State of Washington denied her Native American status in violation of 8 U.S.C. § 1401. ECF Nos. 1 at 2; 1-1 at 1.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

Plaintiff requests that the Court "authorize and direct the Attorney General for the State of Washington to formally acknowledge that the Plaintiff is a Registered Foreign Native American, desiring to be State recognized with the State of Washington (plaintiff's residence)." *Id*. at 6. Additionally, Plaintiff asks the Court to extend the same recognition "to any of plaintiff's family members who are also 'Card-carrying Certified Native Americans' and who live within the State of Washington, for the purpose of establishing the future of their Native American Legacy." *Id*.

On October 19, 2018, Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 8; *see* Fed. R. Civ. P. 12(b)(1), (6). Plaintiff timely responded to Defendant's Motion to Dismiss on November 5, 2018. ECF No. 9.

**FACTS**

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the instant Motion to Dismiss. Plaintiff was born in Oregon and currently lives in Kennewick, Washington. ECF No. 1 at 3-4. Plaintiff describes herself as an American Citizen and "a Foreign Native American living within the borders of the United States." *Id*. at 4. As Plaintiff explains, she is a registered member of the "*Soowahlie Tribe / Sto;lo First Nations Native America*

*Band*" in Canada. *Id*. Plaintiff concedes that she "has no tribal affiliation located with the borders of the United States." *Id*.

Plaintiff alleges that, on December 8, 2015, she received her "Native American Pedigree Chart" from the Sto;lo Research and Resource Management Centre (SRRMC), displaying her "Direct-Line Family Ancestor Chart" and direct bloodline to Chief" lineage." *Id*. The SRRMC is located in Chilliwack, British Columbia. *Id*. On April 24, 2017, Plaintiff received her "Temporary Confirmation Registration of Indian Status" from the Canadian Government Office of Indigenous and Northern Affairs Canada (INAC). *Id*. On September 8, 2017, Plaintiff received her formal "Secure Certificate of Indian Status" registration card from INAC. *Id*.

Plaintiff also asserts that, on May 5, 2016, the State of Oregon Vital Statistics Office legally amended her birth certificate to reflect the race of Native American. *Id*. Additionally, Plaintiff claims the State of Washington Vital Statistics Office legally amended Plaintiff's mother's death certificate on April 15, 2016 to reflect the race of Native American. *Id*.

## DISCUSSION

**I. Motion to Dismiss**

As noted, Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim

upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).  ECF No. 8.  The Court now turns to the merits of Defendant's Motion to Dismiss.  ECF No. 8.

**A.  Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal of an action for lack of subject matter jurisdiction.  A federal court has jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Stock West, Inc. v. Confederate Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "A plaintiff suing in federal court must show in [her] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if [she] does not do so, the court . . . must dismiss the case, unless the defect be corrected by amendment."  *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

Plaintiff asserts that the Court has jurisdiction because her case involves a federal question.  "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of [her] own cause of action shows that it is based upon [federal law]."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation omitted).  Based on the Court's understanding of

Plaintiff's Complaint, Plaintiff relies on three federal statutes as providing a basis for this case to proceed under federal question jurisdiction—28 U.S.C. § 1362 (federal jurisdiction over suits arising under federal law brought by Indian tribes), 25 U.S.C. § 1322 (extension of state jurisdiction over suits arising on Indian reservations), and 8 U.S.C. § 1401 (rights of national citizenship).[1]  ECF No. 1 at 2-3.  For the reasons discussed below, the Court agrees with Defendant that federal question jurisdiction does not exist here.

First, the Court finds that 28 U.S.C. § 1362 is inapplicable here because the statute does not apply to the claims of individual members of Indian tribes. Section 1362 provides that a district court has "original jurisdiction of all civil actions, *brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior*, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1362 (emphasis added).  Because Plaintiff is an individual, not an Indian tribe or band, 28 U.S.C. § 1362 has no application to Plaintiff's case.  *See Quinault Tribe of Indians v. Gallagher*, 368 F.2d 648, 656 (9th Cir. 1966); *Dillon v. State of*

---

[1] Plaintiff incorrectly refers to 28 U.S.C. § 1362 and 25 U.S.C. § 1322 as establishing "Venue."  ECF No. 1 at 3.  As Defendant notes, these statutes are more properly characterized as jurisdictional.  ECF No. 8 at 2.

*Mont.*, 634 F.2d 463, 469 (9th Cir. 1980).; *Navajo Tribal Utility Authority v. Arizona Dept. of Revenue*, 608 F.2d 1228, 1231 (9th Cir. 1979).

Turning to 25 U.S.C. § 1322, the Court finds that this statute also has no bearing on the Court's subject matter jurisdiction. In short, § 1322 regulates the extension of state civil and criminal jurisdiction to causes of action arising on Indian reservations. The statute provides that, until the tribe occupying an Indian reservation consents to the jurisdiction of the state court, such jurisdiction may not be assumed by the state courts over any cause of action involving Indians and arising within the boundaries of the Indian reservation. 25 U.S.C. § 1322(a). Thus, while § 1322 may be relevant to establishing the presence or absence of a state court's jurisdiction, the statute does not operate independently to provide federal subject matter jurisdiction. *Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 560-61 (1983). As such, the Court finds no federal question jurisdiction under § 1322.

Next, insofar as Plaintiff Complaint alleges a federal question arising under 8 U.S.C. § 1401, the Court finds this argument unconvincing. As stated in her Complaint, Plaintiff asserts that Defendant deprived her of the rights of national citizenship guaranteed by § 1401(a)-(b). ECF No. 1 at 2. However, § 1401 simply defines the classes of people who are United States citizens by birth; as a definitional statute, it does not create an independent cause of action by which a

plaintiff may ask a court to determine her citizenship status. *See* 8 U.S.C. § 1401 ("The following shall be nationals and citizens of the United States at birth . . ."). And, at any rate, there is no dispute as to Plaintiff's status as a United States citizen. As Plaintiff concedes, "Plaintiff is a natural born citizen of the United States." ECF No. 1 at 2. Accordingly, the Court finds no federal question arising under § 1401.

Finally, in her Response to Defendant's Motion to Dismiss, Plaintiff appears to suggest that 28 U.S.C. § 1331 also provides a basis for this Court's jurisdiction.[2] ECF No. 9 at 1-2. The Court rejects this argument, however, as § 1331 does not qualify as an independent or substantive basis for federal question jurisdiction.

For these reasons, the Court finds that Plaintiff's Complaint fails to adequately invoke the Court's subject matter jurisdiction. The Court, therefore, grants Defendant's Motion to Dismiss (ECF No. 8) and dismisses Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Given this conclusion, the Court need not reach the other asserted grounds for dismissal.

//

//

---

[2] The Court notes that, later in Plaintiff's Response, Plaintiff asserts that she "has never listed 28 U.S.C. 1322 for jurisdiction." ECF No. 9 at 5.

**B. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

Here, Defendant insists that leave to amend should not be granted because amendment would be futile. ECF No. 9 at 9-10. Defendant emphasizes that Plaintiff has failed to invoke this Court's subject matter jurisdiction "because neither 28 U.S.C. § 1362 nor 25 U.S.C. § 1322 provides justification for her cause of action." *Id.* at 9. Defendant argues that there is no set of circumstances where Plaintiff will be able to amend the Complaint to otherwise properly invoke the jurisdiction of this Court. *Id.* at 6-7.

After fully considering Plaintiff's Complaint, the Court finds that Plaintiff cannot prevail and it would be futile to give her an opportunity to amend. Plaintiff does not have jurisdiction under § 1331 as an individual plaintiff or under § 1362

as an Indian tribe, nor would she be able to assert diversity jurisdiction. The Court determines that there are no set of facts Plaintiff could allege to overcome this lack of jurisdiction. Plaintiff's pleading then cannot possibly be cured by other facts and the Court dismisses her claims without leave to amend in federal court, but without prejudice to a state court action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant State of Washington's Motion to Dismiss (ECF No. 8) is **GRANTED**.

2. The claims asserted in Plaintiff's Complaint (ECF No. 1) are **DISMISSED WITHOUT LEAVE TO AMEND in federal court**. This dismissal is without prejudice to Plaintiff bringing a state court action.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendants, furnish copies to the parties, and **CLOSE** the file.

**DATED** January 11, 2019.



THOMAS O. RICE
Chief United States District Judge